UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON DERRAL BROWN,<br><br>Petitioner,<br><br>v.<br><br>NORTH KERN STATE PRISON, DIRECTOR OF CDCR,<br><br>Respondents. | Case No. 1:21-cv-01061-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF<br><br>(Doc. No. 10) |

Before the Court is Petitioner's construed emergency motion for preliminary injunctive relief. (Doc. No. 10). Petitioner Kenyon Derral Brown, a state prisoner, has pending a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). The undersigned recommends the construed motion for preliminary injunctive relief be denied.

**I. BACKGROUND**

On July 9, 2021, the Court ordered Respondents to respond to the petition. (Doc. No. 7). The response is due September 7, 2021. (*Id*. at 2). Petitioner makes five interrelated claims for relief concerning whether the good conduct credit provisions under California's Proposition 57 should be made retroactive to 2016, not 2021—as promulgated by the California Department of Corrections and Rehabilitation.[1] (*Id*. at 5-7). Petitioner argues that his parole date will be

---

[1] "Upon the passage of Proposition 57 in the November 2016 elections, the California Department of Corrections and Rehabilitation (CDCR) issued new regulations governing the ability of inmates to earn

advanced if he were to be awarded good conduct credits from 2016 to the present. (*Id.*).
Petitioner claims that the regulations interpreting Proposition 57 violate his due process rights. (*Id.* at 5).

## II.  APPLICABLE LAW AND ANALYSIS

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008).  A movant "seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter*, 555 U.S. at 20).  The movant "must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  Moreover, "[b]ecause it is a threshold inquiry, when 'a [movant] has failed to show the likelihood of success on the merits, [courts] need not consider the remaining three [*Winter* elements].'" *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013)).

To the extent discernable in his one-page motion, Petitioner appears to seek an injunction ordering California to change the way it has interpreted Proposition 57. (Doc. No. 10). Specifically, Petitioner states that Proposition 57 should cover all offenders and not be limited to non-violent offenders. (*Id.*). Petitioner has not shown that he is likely to succeed on the merits of his claim. "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U. S. 62, 67 (1991). It is not within the jurisdiction of this Court to order California to interpret its own statutes differently. *See Reed v. Covello*, 2020 U.S. Dist. LEXIS 62157, 2020 WL 1523578, at *1 (C.D. Cal. Feb. 26, 2020) ("[T]he district courts in California

---

custody credit to advance their parole [or release] dates." *People v. Contreras*, 4 Cal. 5th 349, 374, 229 Cal. Rptr. 3d 249, 411 P.3d 445 (Cal. 2018).  Current regulations state in part as follows: "Good Conduct Credit shall advance an inmate's release date if sentenced to a determinate term . . .." Cal. Code Regs. tit. 15, § 3043.2(b).  Inmates are eligible to receive good conduct credit at a lower rate from May 1, 2017 through April 30, 2021 and at a higher rate from May 1, 2021 moving forward. *Id.*

2

uniformly agree that prisoners' claims of eligibility for accelerated parole consideration under Proposition 57 fail to raise a cognizable federal issue."),report and recommendation accepted by 2020 U.S. Dist. LEXIS 56195, (C.D. Cal. Mar. 27, 2020); *Alford v. Doe*, 2018 U.S. Dist. LEXIS 66203, 2018 WL 1896533, at *1 (C.D. Cal. Apr. 18, 2018) (concluding that claim based on Proposition 57 was not cognizable on federal habeas review).  Because Petitioner has not shown that he is likely to succeed on the merits of his claim, the undersigned need not analyze the remaining *Winter* elements.

ACCORDINGLY, it is **RECOMMENDED** that Petitioner's construed motion for emergency injunctive relief (Doc. No. 10) be denied.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   August 9, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE