UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON DERRAL BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>NORTHERN KERN STATE PRISON, DIRECTOR OF CDCR,<br><br>    Respondent. | Case No. 1:21-cv-01061-DAD-HBK<br><br>ORDER STRIKING PETITIONER'S UNAUTHORIZED PLEADING FROM THE RECORD<br><br>(Doc. No. 28) |

    Petitioner Kenyon Derral Brown, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). On September 1, 2021, Respondent filed a motion to dismiss the habeas petition. (Doc. No. 17). On September 16, 2021, Petitioner filed an opposition to the motion to dismiss and then filed a motion seeking to supplement his opposition to the motion to dismiss on January 5, 2022. (Doc. Nos. 18, 22). On January 10, 2022, the Court accepted Plaintiff's supplement his opposition and permitted Respondent an opportunity to file a reply to Petitioner's opposition as supplemented "no later than January 21, 2022, after which time Respondent's motion to dismiss will be deemed submitted for consideration." (Doc. No. 25). Respondent submitted a timely reply to Petitioner's supplemented opposition on January 21, 2022. (Doc. No. 27). Thus, the motion to dismiss is deemed submitted on the record before the Court.

On February 2, 2022, Petitioner filed a "Response to Respondent's Reply to Motion to Supplement Opposition." (Doc. No. 28, "Petitioner's Response"). Essentially, Petitioner seeks to file a surreply to Respondnet's reply. Neither the Federal Rules of Civil Procedure, nor the Local Rules for the Eastern District of California permit the filing of a surreply as a matter of right. *See Garcia v. Biter*, 195 F.Supp.3d at 1131 (E.D. Ca. July 18, 2016) (noting the plaintiff did not have a right to file a surreply under the local rules or under the Federal Rules of Civil Procedure). However, district courts have discretion to permit, or preclude, a surreply. *Id.* at 1133 (other citations omitted). While courts are required to provide *pro se* litigants leniency, the court generally views motions for leave to file a surreply with disfavor and will not consider granting a motion seeking leave to file a surreply absent good cause shown. *Id.* (other citations omitted).

Further, the Rules Governing Section 2254 Cases in the United States District Courts provide for the filing of a habeas petition (Rule 2), an answer, and a reply (Rule 5). Additional briefing may be permitted upon a court order to expand the record (Rule 7). In this case, Petitioner submitted a response and supplemental response in opposition to Respondent's motion to dismiss. (Doc. Nos. 18, 22). The Court did not order Petitioner to submit any additional briefings, and indeed in its order accepting Petitioner's supplemental response deemed the matter submitted for consideration on receipt of Respondent's reply. (Doc. Nos. 25, 27). Upon review, Petitioner's Response repeats the same arguments made in his opposition to Respondent's motion to dismiss and raised in his habeas petition. Therefore, the Court will order petitioner's unauthorized pleading stricken from the record.

Accordingly, it is ORDERED:

The Clerk of Court shall strike Petitioner's unauthorized pleading (Doc. No. 28) from the record.

Dated:   April 24, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2