UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON DERRAL BROWN,<br><br>Petitioner,<br><br>v.<br><br>NORTHERN KERN STATE PRISON, DIRECTOR OF CDCR,<br><br>Respondent. | Case No.   1:21-cv-01061-DAD-HBK (HC)<br><br>ORDER STRIKING PETITIONER'S MOTION TO SUPPLEMENT PETITION<br><br>(Doc. No. 26) |

Petitioner Kenyon Derral Brown, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1).  Respondent filed a motion to dismiss the petition on September 1, 2021.  (Doc. No. 17).  Petitioner responded in opposition on September 16, 2021; and the court granted his motion to supplement his opposition to the motion to dismiss on January 10, 2022.  (Doc Nos. 18, 22, 25).  On January 7, 2022, Petitioner filed a "Motion to Supplement Conditions of Confinement," now pending before the Court.  (Doc. No. 26).

The Supreme Court has instructed the federal courts to liberally construe the "inartful pleading[s]" of pro se litigants.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  However, despite entitling the document at issue a motion to "supplement," the pleading can only be

construed as a stand-alone amended petition for writ of habeas corpus.[1]  Under the circumstances presented here, Rule 15(a) allows Petitioner to amend his petition once "as a matter of course" up to 21 days after Respondent's Motion to Dismiss.  Fed. R. Civ. P. 15(a).   Here, more than three months have passed since Respondent filed the Motion to Dismiss; thus, Petitioner was required to obtain leave from the Court or the opposing party's written consent before filing an amended petition pursuant to FRCP 15(a).  Because Petitioner failed to obtain leave from the Court or obtain consent from Respondent, the Court will order Petitioner's "Motion to Supplement Conditions of Confinement" stricken from the record.

This action continues to proceed on Petitioner's initial petition.  Petitioner is advised that he may file a motion for leave to file an amended petition pursuant to FRCP Rule 15(a).  Should Petitioner seek leave to amend his petition, he is also advised that the amended petition will supersede the original petition and become the operative pleading.  *See Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc).  It must be complete without reference to the prior petition or any superseded pleading, and must include all grounds for relief and supporting facts.  *See also* Local Rule 220.  The Court does not accept piecemeal pleadings.

Accordingly, it is ORDERED:

The Clerk of Court shall strike Petitioner's "Motion to Supplement Conditions of Confinement" (Doc. No. 26) from the record.

Dated:   May 2, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Notably if the Court accepted the pleading as an amended pleading it did not include all grounds raised in the initial petition.

2