UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON DERRAL BROWN,<br><br>Petitioner,<br><br>v.<br><br>NORTHERN KERN STATE PRISON, WARDEN,<br><br>Respondent. | Case No. 1:21-cv-01061-DAD-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 17) |

Petitioner Kenyon Derral Brown, a state prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1, Petition). In response, Respondent filed a Motion to Dismiss. (Doc. No. 17). Petitioner filed an opposition to the Motion to Dismiss, and a supplement to his opposition. (Doc. Nos. 18, 22). Respondent filed a reply. (Doc. No. 27). For the reasons set forth more fully below, the undersigned recommends granting Respondent's Motion to Dismiss.

**I. BACKGROUND**

Petitioner is currently serving sentences imposed by the San Bernardino County Superior Court for convictions of second-degree robbery and cruelty to an animal. (Doc. No. 1 at 1).

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

Construed liberally, the Petition currently raises two grounds for relief: (1) Petitioner's good behavior credits pursuant to Proposition 57[2] "should be made" retroactive to May 1, 2017 as opposed to "beginning" on May 1, 2021;[3] and (2) the regulations implementing Proposition 57 "violate due process" because they improperly exclude violent offenders from the opportunity to advance their parole date by earning good conduct credits.[4]  (Doc. No. 1 at 5-6).

Respondent contends the Petition should be dismissed for lack of subject matter jurisdiction, lack of federal habeas jurisdiction, insufficient pleading under Rule 2 of the Rules Governing Habeas Corpus Cases, and failure to exhaust.  (Doc. No. 17).  In his response and the supplement to his response, Petitioner restates the arguments advanced in his Petition.  (Doc. Nos. 18, 22).

## II.  APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it

---

[2] On November 8, 2016, California voters adopted Proposition 57, known as the "The Public Safety and Rehabilitation Act of 2016," which made parole more available for certain felons convicted of nonviolent crimes. Cal. Const. art. 1, § 32.  Proposition 57 provides, in pertinent part, that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." *Id*. at § 32(a)(1). Of particular relevance here, Proposition 57 also granted authority to the Secretary of the CDCR to adopt new regulations governing credit earning for good behavior and approved rehabilitative or educational achievements. *Id*. at § 32(a)(2)-(b).

[3] The Petition raises five grounds for relief.  (Doc. No. 1 at 5-6). However, grounds one, three, four and five in the Petition are substantively identical in that they ask for good conduct credits to be made retroactive to May 1, 2017 as opposed to May 1, 2021.  (*Id*.).

[4] The implementing regulations define a "violent felony" as "crime or enhancement as defined in subdivision (c) of section 667.5 of the Penal Code." 15 Cal. Code Regs. § 3490 (2019).  The crimes listed as "violent felonies" in subdivision (c) of section 667.5 include "any robbery." Cal. Penal Code § 667.5(c)(9).

"plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

### A. Failure to State a Federal Habeas Claim

"The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). To pass initial screening under Rule 4, petitioner must allege a violation of "clearly established federal law"—meaning a violation of a U.S. Supreme Court holding. *See White v. Woodall*, 572 U.S. 415, 419 (2014). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

Petitioner's sole grounds for relief challenge the application of Proposition 57—namely that CDCR is required to apply good conduct credits retroactively to May 1, 2017 as opposed to May 1, 2021, and the implementation of Proposition 57 by the CDCR "violates due process" because it excludes violent offenders from the opportunity to advance parole date by earning good conduct credits. (Doc. No. 1 at 5-6). As correctly pointed out by Respondent, the "Petition raises issues of state, not federal, law. [Petitioner's] due process claim is based on *California's* definition of 'determinately-sentenced nonviolent offenders' and the *state's* implementation of regulations [in 2021] interpreting Proposition 57, a *state* initiative. [Petitioner] does not cite any supporting federal authority for these claims or explain how the alleged state action violates federal law." (Doc. No. 17 at 4) (emphasis in original) (citing *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (petitioner cannot "transform a state law issue into a federal one merely by asserting a violation of due process)). Thus, Petitioner's claims of error in the application of state law are not cognizable as a federal habeas claim. *See Estelle*, 502 U.S. at 67 ("it is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."). The undersigned recommends that the Petition be dismissed for failure to state a cognizable federal habeas claim.

////

////

3

**B. Failure to Invoke Federal Habeas Jurisdiction**

If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the claim. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). In contrast, if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," he may assert his claim only under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). In *Nettles*, the Ninth Circuit, in analyzing Supreme Court precedent distinguishing relief available via § 1983 or habeas corpus, concluded if a state prisoner's claim does not lie at "the core of habeas corpus," meaning where success on a claim would not necessarily lead to an immediate or speedier release, then the claim "may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." *Id.* at 931 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); 93 S. Ct. 1827 (1973)); *Skinner v. Switzer*, 562 U.S. 523, 535 (2011).

Here, Petitioner claims that, pursuant to Proposition 57, CDCR "should" make application of good behavior credits retroactive to May 1, 2017, thereby "advancing" Petitioner's parole date, and that excluding violent offenders from the "chance to advance to advance [their] parole date" violates due process. (Doc. No. 1 at 5-6). First, it is well-settled in the Ninth Circuit that the application of California's Proposition 57 does not raise a federal issue; the application is solely a matter of state law. *See Jordan v. Holbrook*, 2020 WL 4336277, at *4 (C.D. Cal. Mar. 18, 2020) ("Even if violent offenders, like Petitioner, were eligible for early parole consideration under Proposition 57 – which, by the plain language of Article 1, Section 32(a) of the California Constitution, they are clearly not – success on Petitioner's claim would not necessarily result in his earlier release. . . . As such, Petitioner's claims do not fall within the 'core of habeas corpus.'"); *Sandoval v. CSP Sacramento Warden*, 2019 WL 1438554 (E.D. Cal. April 1, 2019); *Blanco v. Asuncion*, 2019 WL 2144452 (S.D. Cal. May 16, 2019); *Travers v. State of California*, 2018 WL 2357138 (S.D. Cal. April 11, 2018). As noted above, Petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

////

Furthermore, even if Petitioner were to prevail on a claim that he is entitled to retroactive credits pursuant to Proposition 57, such success would not necessarily lead to advancement of Petitioner's parole date because under California law the parole board must consider all relevant reliable information in determining suitability for parole, and "has the authority to deny parole on the basis of any grounds presently available to it." *Nettles*, 830 F.3d at 935 (citing *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003)). Because success on Petitioner's claim would not necessarily lead to his immediate or earlier release, the claim does not fall within "the core of habeas corpus," and is not cognizable in federal habeas corpus. *See id.*; *Blanco*, 2019 WL 2144452 at *3 ("Even if petitioner could establish that he is entitled to accrue good conduct credits because of the passage of Proposition 57 and that those credits should be applied retroactively, it 'would not necessarily lead to his immediate or earlier release from confinement.'"). Accordingly, the undersigned recommends, in the alternative, that the Petition be dismissed for lack of federal jurisdiction.[5]

Although a court may convert a habeas petition to a civil rights complaint, the undersigned does not find recharacterization proper in this case. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition . . . ." *See Nettles*, 830 F.3d at 936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)). Here, the Petition names only the warden as the sole Respondent. Petitioner does not identify any persons who allegedly committed the affirmative acts or omissions that allegedly violated his rights. Further, in granting Petitioner *in forma pauperis* status, the Court waived the $5.00 filing fee for a habeas corpus action, not the $350 filing fee that is payable over time and appliable to prisoners prosecuting a civil rights action. Due to these differences and the disadvantages that recharacterization may have on Petitioner's claims, the undersigned finds that it would be inappropriate to construe the habeas

---

[5] In light of this conclusion, the undersigned need not address Respondent's arguments that dismissal is warranted based on Petitioner's failure to allege is claims with sufficient specificity under Rule 2(c) of the Rules Governing § 2254 cases, and Petitioner's failure to exhaust. (*See* Doc. No. 17 at 5-7).

petition as a civil rights complaint under 42 U.S.C. § 1983. This conclusion, however, does not preclude Petitioner from pursuing his claims in a properly filed civil action pursuant to § 1983.

## III. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is **RECOMMENDED**:

1. Respondent's Motion to Dismiss (Doc. No. 17) be **GRANTED**.

2. The Petition (Doc No. 1) be dismissed for lack of federal habeas jurisdiction.

3. Petitioner be denied a certificate of appealability.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    June 28, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE